# In the United States District Court for the Southern District of Georgia Brunswick Division

CALVIN EDWARDS and
DEBRA EDWARDS,

    Plaintiffs,

    v.

STATE FARM INSURANCE COMPANY,

    Defendant.

2:25-CV-240

## ORDER

Before the Court are Defendant State Farm's motion to dismiss Plaintiffs' original complaint, dkt. no. 7; Plaintiffs' motion for leave to file an amended complaint, dkt. no. 17; State Farm's motion to dismiss Plaintiffs' proposed amended complaint and motion for hearing, dkt. nos. 21, 22; and State Farm's motion to strike Plaintiffs' response to State Farm's first motion to dismiss, dkt. no. 23. For the reasons explained below, Plaintiffs' motion for leave to amend the complaint, dkt. no. 17, is **GRANTED.** That being so, State Farm's motion to dismiss the original complaint, dkt. no. 7, is **DENIED as moot.** Further, State Farm's motion to dismiss the amended complaint and motion for hearing, dkt. nos. 21, 22, are **DISMISSED.** Finally, State Farm's motion to strike Plaintiffs' response, dkt. no. 23, is **DENIED.**

**BACKGROUND**

This case involves an insurance dispute between Plaintiffs Calvin and Debra Edwards and Defendant State Farm Insurance Company ("State Farm"). Dkt. No 1-1. In the original complaint, Plaintiffs allege that they entered into an insurance contract with State Farm ("the Policy") to cover their property in Hazlehurst, Georgia ("the Property"). Id. ¶¶ 1-2. Plaintiffs allege that, on or about September 27, 2024, a hurricane-related windstorm event occurred, resulting in damage to the Property. Id. ¶ 10. Plaintiffs state that they "made claims to Defendant under various insurance coverages provided by the Insurance Policy" but, allegedly, State Farm has not paid Plaintiffs the full amount owed under the Policy. Id. ¶¶ 12—13.

On September 25, 2025, Plaintiffs filed suit in the State Court of Jeff Davis County, Georgia, asserting breach of contract and bad faith claims against State Farm. See generally id. State Farm then removed the suit to this Court, dkt. no. 1, and moved to dismiss the complaint, dkt. no. 7 (the "first motion to dismiss"). On January 7, 2026, Plaintiffs moved for leave to file an amended complaint, attaching both a proposed amended complaint and proposed order. Dkt. Nos. 17, 17-1, 17-2. Before the Court ruled on the motion to amend—which is still pending—State Farm moved to dismiss the proposed amended complaint (the "second motion to dismiss"). Dkt. No. 21. State Farm also requests a hearing on the

second motion to dismiss. Dkt. No. 22. Finally, State Farm filed a motion to strike Plaintiffs' brief in response to State Farm's first motion to dismiss under Federal Rule of Civil Procedure 12(f). Dkt. No. 23. In summary, there are now five motions pending before the Court:

(1) State Farm's first motion to dismiss, dkt. no. 7, seeking dismissal of the original complaint;
(2) Plaintiffs' motion to amend the complaint, dkt. no. 17;
(3) State Farm's second motion to dismiss, seeking dismissal of the proposed amended complaint, dkt. no. 21;
(4) State Farm's motion for a hearing on its second motion to dismiss, dkt. no. 22; and
(5) State Farm's motion to strike Plaintiffs' response to State Farm's first motion to dismiss, dkt. no. 23.

**DISCUSSION**

**I.   Plaintiffs' Motion for Leave to Amend and its Impact on Other Pending Motions**

**A.   Legal Authority**

Under Federal Rule of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The [C]ourt should freely give leave when justice so requires." Id. Under Rule 15, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id. This

3

allows a party to "assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." Henninger v. Henninger, No. CV 107-163, 2008 WL 11350038, at *2 (S.D. Ga. Apr. 29, 2008) (quoting 6 Wright & Miller's Federal Practice & Procedure: Civil § 1473 (2d ed. 1987)).

Generally, leave to amend is freely given, but it is not guaranteed. Foman, 371 U.S. at 182; see also Henninger, 2008 WL 11350038, at *2. When analyzing a motion to amend a pleading, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. v. Ga. Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (citing Foman, 371 U.S. at 182); see also Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999) (explaining that futility is another way of saying "inadequacy as a matter of law").

### B.   Plaintiffs' Motion for Leave to Amend

In the pending motion for leave to amend the complaint, Plaintiffs seek to "provide clarity as to allegations in the original Complaint" based on "new claim information" that was not provided to Plaintiffs' counsel until after the original complaint was filed in state court. Dkt. No. 17 at 1-2. Plaintiffs attached to their motion a proposed amended complaint and proposed order. Dkt. Nos. 17-1, 17-2. Following this motion, rather than filing a

response brief in opposition to the motion,[1] State Farm filed a second motion to dismiss, targeting the proposed amended complaint which had not been filed as an independent entry on the docket. Dkt. Nos. 21, 21-1, 17-1. Therein, State Farm argues that Plaintiffs failed to comply with Federal Rule of Civil Procedure 15's procedures for filing an amended complaint, and, even if the amended complaint could be considered, Count II fails to state a claim for relief. Dkt. No. 21 at 3-4.

State Farm's arguments about Plaintiffs' alleged failure to comply with Rule 15 are unavailing. State Farm first sets forth a timing-based argument, stating that Plaintiffs filed their amended complaint "fifty-six (56) days after they were served with State Farm's Motion to Dismiss Plaintiffs' Complaint, thirty-five (35)

---

[1] In the motion to amend, counsel for Plaintiffs states that he attempted to contact State Farm's counsel "to determine if there was any objection to the filing of [the motion to amend]" but was unable to reach State Farm's counsel. Dkt. No. 17 at 1. To the extent State Farm's response to the motion to amend can be found in the substance of State Farm's second motion to dismiss, the Court has considered these responsive arguments. See Dkt. Nos. 21, 21-1. The Court notes that the proper procedure when a party seeks to oppose a motion is to file a response to that motion within the applicable time period prescribed by Local Rule 7.5 and the Federal Rules of Civil Procedure. S.D. Ga. L.R. 7.5; see also Fed. R. Civ. P. 15(a)(3). A response to a motion is not raised properly if it is embedded in another, separate motion. Id.; S.D. Ga. L.R. 7.5. However, the Court finds that addressing State Farm's arguments on the motion to amend without requesting a separate filing best serves judicial economy. See Deutz Corp. v. Engine Distribs., Inc., No. 1:21-CV-00288-SCJ, 2022 WL 18459641, at *1 n.2 (N.D. Ga. Jan. 13, 2022) (considering improperly raised issue without requiring a separate filing because doing so would "best serve[] judicial economy").

days outside of the twenty-one (21) day requirement set forth in Fed. R. Civ. P. 15(a)(1) and 15(a)(2)." Dkt. No. 21-1 at 3. Put plainly, there is no "twenty-one-day requirement" in Rule 15(a)(2). Fed. R. Civ. P. 15. It is true that a twenty-one-day limit is imposed on amendments as a matter of course under Rule 15(a)(1), but Plaintiffs do not attempt to amend their complaint as a matter of course in the instant case. Dkt. No. 17. On the other hand, Rule 15(a)(2)—the subsection on which Plaintiffs rely in the pending motion to amend—allows parties to amend pleadings "with the opposing party's written consent or the court's leave," even if that request to amend occurs outside of the twenty-one-day window imposed on amendments as a matter of course. Fed. R. Civ. P. 15(a)(2); see also Dkt. No. 17 at 1—2. That being so, the motion to amend is not barred or otherwise procedurally improper because it was filed more than twenty-one days after Plaintiffs were served with State Farm's first motion to dismiss. Dkt. Nos. 7, 17.

State Farm then argues that the amended complaint is improper because the amended complaint was filed with the motion to amend. Dkt. No. 21 at 3-4l Dkt. No. 17-1. This argument, however, is equally unavailing, as parties often attach their proposed amended complaints to motions to amend to allow the district court to discern whether it would be proper to allow amendment. See, e.g., Gates v. Thomas, No. CIVA CV506-103, 2007 WL 521886, at *1 (S.D.

Ga. Feb. 14, 2007) (turning to allegations in the proposed amended complaint to determine whether denying leave to amend was warranted); Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F., 740 F. Supp. 2d 1335, 1343 (N.D. Ga. 2010) (analyzing proposed amended complaint to rule on motion to amend). In fact, the Eleventh Circuit actually explicitly requires that motions to amend "set forth the substance of the proposed amendment or *attach a copy of the proposed amendment*." Wiand v. ATC Brokers Ltd., 96 F.4th 1303, 1312 (11th Cir. 2024) (emphasis added) (quoting Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018)). Accordingly, because a copy of the amended complaint was filed as an attachment to the motion to amend, Plaintiffs did not improperly file the amended complaint but rather followed the proper procedure prescribed by Eleventh Circuit caselaw. Id.; Dkt. Nos. 17, 17-1.

Turning to the merits of the motion to amend, the Court finds that leave to amend is warranted. Dkt. No. 17. Plaintiffs argue that leave to amend would be proper because (1) it would not unduly delay the case, (2) Plaintiffs' goal in seeking amendment is rooted in their desire to clarify the claims against State Farm, not bad faith, (3) State Farm would not be unduly prejudiced if leave to amend were granted, and (4) amendment would not be futile. Dkt. No. 17 at 1-3. State Farm does not specifically address these arguments. Dkt. Nos. 21, 21-1.

There is nothing to suggest that granting Plaintiffs leave to

file their first amended complaint would unduly delay the case or otherwise prejudice State Farm. United Ass'n of Journeymen, 684 F.2d at 724. On this point, Plaintiffs correctly note that this case is in the beginning stages of the litigation process, as Plaintiffs filed their motion for leave to amend the complaint only fifty-six days after State Farm filed its first motion to dismiss. Dkt. Nos. 7 (State Farm's first motion to dismiss filed November 12, 2025), 17 (motion for leave to amend complaint filed January 7, 2026); see also Dkt. No. 17 at 2; Walton Plaza Props., LLC v. GH Walton Way, LLC, No. CV 119-117, 2020 WL 1498908, at *4 (S.D. Ga. Mar. 24, 2020) (accounting for length of time between defendants' motion to dismiss and plaintiff's motion to amend in granting plaintiff leave to amend). This would also be Plaintiffs' first amended complaint, and the Court has held that "a plaintiff should ordinarily be given at least one opportunity to amend." Walton Plaza Props., 2020 WL 1498908, at *4. Further, Plaintiffs filed their motion to amend well within the Joint Rule 26(f) Report's deadline for filing such motions. See Dkt. No. 15 (report of Rule 26(f) meeting indicating Plaintiffs planned to amend pleadings and must do so by June 15, 2026); Dkt. No. 17 (Plaintiffs' motion to amend filed January 7, 2026); see also Henninger, 2008 WL 11350038, at *2 (holding that the Court *must consider* untimeliness in the motion to amend inquiry if a party requested leave to amend after the Scheduling Order's deadline for

8

filing such motions).

Similarly, there is nothing to suggest Plaintiffs are acting in bad faith by filing a motion to amend, nor would amendment be clearly futile. United Ass'n of Journeymen, 684 F.2d at 724. Plaintiffs provide an adequate explanation for seeking amendment: Plaintiffs would like to clarify their existing claims against State Farm with information that has become available to Plaintiffs' attorney since the original complaint was filed. Dkt. No. 17 at 1–2. The proposed amended complaint bolsters this assertion. Dkt. No. 17-1. While the original complaint was replete with conclusory allegations and described the underlying facts in only vague, general terms, dkt. no. 1-1, the amended complaint provides additional detail about State Farm's actions precipitating this lawsuit, dkt. no. 17-1. For example, where the original complaint states that Plaintiffs "made claims under various insurance coverages," which State Farm purportedly "has not paid . . . pursuant to the Insurance Policy," dkt. no. 1-1 ¶¶ 12—13, the amended complaint describes the categories of covered damages relevant to this action, State Farm's investigation of the loss event, the payments offered by State Farm pursuant to the investigation and categories of covered damages, results of appraiser and contractor inspections coordinated by Plaintiffs to estimate repair costs, the amount sought in Plaintiffs' demand letter to State Farm, and appraisal

evidence submitted to substantiate these demands, dkt. no. 17-1 ¶¶ 11–13, 17–19.

Accordingly, while it is possible that State Farm could still prevail on a motion to dismiss the amended complaint, it is not clear that it would be futile to allow Plaintiffs to amend their pleading to clarify details associated with their insurance coverage and loss investigation. Id.; see also Ctr. for a Sustainable Coast v. Nat'l Park Serv., 454 F. Supp. 3d 1347, 1357 (S.D. Ga. 2020) (granting motion to amend pleading where futility was uncertain, even though it was possible that defendants would still win on a renewed motion to dismiss); Harrington v. Wells, No. 2:15-CV-41, 2016 WL 6518636, at *4 (S.D. Ga. Nov. 1, 2016) (granting leave to amend the complaint because it was not "clear" amendment would be futile). As a result, the Court **GRANTS** Plaintiffs' motion for leave to amend the complaint. Dkt. No. 17. The Clerk is **DIRECTED** to docket Plaintiffs' proposed amended complaint, dkt. no. 17-1, as its own entry upon the docket.

### C.    State Farm's First Motion to Dismiss, Second Motion to Dismiss, and Motion for Oral Argument

Turning to State Farm's first motion to dismiss, "[i]t is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.—Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at

10

*1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005)) (citing Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982)); accord Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Because Plaintiffs' amended complaint will supersede their original complaint, State Farm's first motion to dismiss, dkt. no. 7, is **DENIED as MOOT** as of the amended complaint's filing pursuant to this Order.

As for State Farm's second motion to dismiss and motion for oral argument, both motions are premature. Dkt. Nos. 21, 22. Federal Rule of Civil Procedure 15(a)(3) governs time to respond to amended pleadings and states, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." While Plaintiffs provided a copy of the proposed amended complaint as an exhibit attached to the motion to amend, the amended complaint will not supersede the original complaint until it is filed pursuant to this Order. This being so, once the amended complaint is docketed as the operative pleading, State Farm *then* may respond to that amended complaint in accordance with Rule 15(a)(3). With that in mind, the Court **DISMISSES** State Farm's second motion to dismiss and State Farm's request for a hearing on

the second motion to dismiss, dkt. nos. 21, 22, but the Court notes that State Farm may timely renew its motion to dismiss *after* the amended complaint is filed.

### II.   State Farm's Motion to Strike

Motions to strike are governed by Federal Rule of Civil Procedure 12(f). Under this rule, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, Rule 12(f) authorizes the Court to act either on its own to strike such matters, or "on motion made by a party." Id.

To the extent State Farm still seeks to strike from the record Plaintiffs' brief in response to State Farm's first motion to dismiss, that motion is without merit. Dkt. No. 23 (moving to strike dkt. no. 19). In the pending motion to strike, State Farm urges the Court to strike as untimely Plaintiffs' response to State Farm's first motion to dismiss. Id. at 1. However, State Farm's motion to strike is filed pursuant to Federal Rule of Civil Procedure 12(f), which authorizes a motion to strike a *pleading.* Fed. R. Civ. P. 12(f) (emphasis added); Dkt. No. 23. A brief filed in response to a motion is not a pleading. See Fed. R. Civ. P. 7(a) (stating that "pleadings" consist of "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7)

12

if the court orders one, a reply to an answer."); <u>Blochowicz v. Steinberg</u>, No. CV 125-037, 2025 WL 2201082, at *2 (S.D. Ga. Aug. 1, 2025) (holding that filings such as "motions, briefs or memoranda, objections, or affidavits" do not qualify as pleadings and, as a result, "cannot be the subject of a motion to strike" (citing <u>Eubanks v. Henry Cnty.</u>, No. 1:11-CV-3969, 2013 WL 11971258, at *1 (N.D. Ga. June 20, 2013))); <u>see also</u> <u>Silva v. Swift</u>, 333 F.R.D. 245, 248 (N.D. Fla. 2019) ("Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions."). In short, because State Farm asks the Court to strike a brief opposing a motion, Rule 12(f) does not authorize the requested relief. Dkt. No. 23 at 1; Dkt. No. 19; <u>Blochowicz</u>, 2025 WL 2201082, at *2; <u>Silva</u>, 333 F.R.D. at 248. As a result, Plaintiffs' brief in response to State Farm's first motion to dismiss will remain on the record.[2]  Dkt. No. 19. Accordingly. State Farm's motion to strike, dkt. no. 23, is **DENIED.**

**CONCLUSION**

Plaintiffs' motion for leave to amend, dkt. no. 17, is **GRANTED.** The Clerk is **DIRECTED** to docket Plaintiffs' proposed amended complaint, dkt. no. 17-1, as its own entry upon the docket. Thereafter, State Farm may respond to the amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(3). State

---

[2] This is so even though the substantive motion Plaintiffs' brief opposes is denied as moot pursuant to this Order.

Farm's motion to dismiss the original complaint, dkt. no. 7, is **DENIED as moot,** and State Farm's motion to dismiss the amended complaint and related motion for a hearing, dkt. nos. 21, 22, are **DISMISSED.** Finally, State Farm's motion to strike, dkt. no. 23, is **DENIED.** The hearing scheduled for Tuesday, February 17, 2026 at 1:45 p.m. is cancelled.

    **SO ORDERED** this 12th day of February, 2026.


_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

14